IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CSMG TECHNOLOGIES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0715 |
| | § | |
| GORDON W. ALLISON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This fraud case is before the Court on the Motion to Dismiss [Doc. # 21] filed by Defendant Gordon W. Allison, to which Plaintiff CSMG Technologies, Inc. ("CSMG") filed a Response [Doc. # 22], and Defendant filed a Reply [Doc. # 23]. Having reviewed the First Amended Complaint [Doc. # 17] and all matters of record, and having applied the governing legal principles, the Court **grants** the Motion to Dismiss the claim for attorneys' fees and **denies** the Motion to Dismiss in all other respects.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff CSMG is a technology management company and Defendant Allison was one of its founders. Defendant was the Chief Financial Officer, the Executive Vice President, and Secretary of the corporation until he resigned those positions in January

2005. He was a member of CSMG's Board of Directors until his term expired in January 2007.

One of CSMG's subsidiaries was Anaerobic Farm Waste, Inc. ("AFW"), a company providing environmentally-friendly systems for the disposal of large farm animal waste. Allison was AFW's President until it closed in March 2006.

Plaintiff alleges that Defendant made material, false statements that caused CSMG and AFW to become involved in a venture with United Engineering Contractors ("UEC") to develop low-cost modular housing in the Ukraine for marketing in third-world countries. Plaintiff alleges that a central figure in the UEC venture was Carlyn Thaddeus Stanley and his company, Best Haitian-American Trade & Development Company, Ltd. ("BHA"). Plaintiff alleges that Defendant proposed the venture to the CSMG Board of Directors, representing that the venture would be operated by Best Homes International ("BHI"), to be owned half by UEC and half by BHA. Plaintiff alleges that CSMG eventually had to close AFW, after incurring allegedly substantial losses as a result of Allison's conduct and AFW's involvement in the UEC venture.

Plaintiff filed this lawsuit asserting fraud and negligent misrepresentation, and that Allison breached his duty of good faith and fair dealing. In addition to compensatory damages, Plaintiff seeks to recover punitive damages and attorneys' fees.

After Plaintiff filed its First Amended Complaint, Defendant filed his Motion to Dismiss. The Motion has been briefed, the time for a reply has passed, and the Motion to Dismiss is now ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertainment, Inc. v. Nat'l Football League Properties, Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). The Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A plaintiff must, however, plead specific facts, not mere conclusory allegations or unwarranted deductions of fact, in order to avoid dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

**III.     ANALYSIS**

    **A.     Fraud Claim**

Defendant argues that Plaintiff's fraud claim should be dismissed because it is not pled with adequate particularity. Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).

In this case, Plaintiff in the First Amended Complaint identifies by substance those statements made by Defendant that are alleged to be false. Specifically, Plaintiff alleges that Defendant "made material false representations and omissions to CSMG regarding the qualifications and actions of individuals with key roles in the funding and

development of the projects undertaken by AFW" and "regarding the status of agreements for and financing critical to the success of those projects, and regarding the personal interests he maintained in the projects he promoted for development at CSMG's and AFW's expense." *See* First Amended Complaint, ¶ 6. Plaintiff also alleges that in a letter dated July 8, 2004, and in a July 14, 2004 presentation to the CSMG Board of Directors, Defendant falsely represented that there was adequate financing to fund the UEC venture and that there were already agreements in place for sales of the modular housing to be manufactured under the UEC venture. Plaintiff alleges that the statements were false – specifically that there was no financing or agreements in place. Plaintiff also alleges that Defendant falsely represented that he had no interest in BHI, although he actually owned a company that had a small ownership interest in BHI.

Plaintiff has alleged facts with adequate particularity to support the fraud claim in this case. As a result, the Court denies Defendant's Motion to Dismiss this claim.

**B. <u>Duty of Good Faith and Fair Dealing Claim</u>**

Defendant moves to dismiss Plaintiff's claim that he breached the duty of good faith and fair dealing, arguing correctly that Texas does not recognize the claim in an employment context. Plaintiff's good faith and fair dealing claim is not based on Defendant's employment with CSMG or with AFW, however, but is based instead on

Defendant's status as an officer and director of the corporations. Texas law clearly recognizes that a corporate officer or director owes a fiduciary duty, including the duty of good faith and fair dealing, to the corporation. *See, e.g., Loy v. Harter*, 128 S.W.3d 397, 407 (Tex. App. – Texarkana 2004, pet. denied); *DeWoody v. Rippley*, 951 S.W.2d 935 (Tex. App. – Fort Worth 1997, pet. dismissed by agreement). Consequently, the Court denies Defendant's Motion to Dismiss the good faith and fair dealing claim.

### C.     Punitive Damages and Attorneys' Fees

A party may recover punitive damages if he proves by clear and convincing evidence that his injury resulted from the defendant's fraud. *See McLendon v. McLendon*, 862 S.W.2d 662, 671 (Tex. App. – Dallas 1993, writ denied) (citing TEX. CIV. PRAC. & REM. CODE § 41.003). Because Plaintiff has pled a claim for fraud, the punitive damages claim is not subject to dismissal at this stage of the proceedings.

A party may recover attorneys' fees, however, only if suing under a statute or pursuant to a contract between the parties that provides for the recovery of fees. *See Bray v. Curtis*, 544 S.W.2d 816, 820 (Tex. App. – Corpus Christi 1976, ref. n.r.e.) (cited in *Southwest Grain Co. v. Garza*, 2007 WL 1087179 * 12 (Tex. App. – Corpus Christi 2007). Plaintiff in this case does not assert a breach of contract claim and does not identify any statute at issue that provides for the recovery of attorneys' fees. As a result, Plaintiff is not entitled to recover its fees in this case.

## IV.    CONCLUSION AND ORDER

Plaintiff has adequately pled its fraud claim and its claim that Defendant breached his duty of good faith and fair dealing.  Plaintiff has properly asserted its claim for punitive damages, but is not entitled to recover its attorneys' fees.  As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 21] is **GRANTED** as to the claim for attorneys' fees and **DENIED** in all other respects.

SIGNED at Houston, Texas, this **18th** day of **September, 2007**.

_____
Nancy F. Atlas
United States District Judge