# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CSMG TECHNOLOGIES, INC., | § | |
| f/k/a CONSORTIUM SERVICE | § | |
| MANAGEMENT GROUP, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-0715 |
| | § | |
| GORDON W. ALLISON | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

On February 27, 2009, this Court entered summary judgment on all pending claims and issued a Final Judgment in this multi-faceted dispute between a company and one of its former officers and directors.[1] On May 8, 2009, Defendant Gordon Witness. Allison filed a Motion and Supporting Memorandum for Attorneys Fees and Costs [Doc. # 90], seeking $101,425.00 in fees and $36,868.90 in costs. Plaintiff CSMG Technologies, Inc. f/k/a Consortium Service Management Group, Inc. ("CSMG") has filed a response and Defendant has replied.[2] Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that the motion should be **denied** as untimely.

---

[1]   Memorandum and Order [Doc. # 88]; Final Judgment [Doc. # 89].

[2]   Plaintiff CSMG's Response to Defendant Allison's Motion for Attorney's Fees and Costs [Doc. # 91] ("Response"); Defendant's Reply in Support of Motion for Attorneys Fees and Costs [Doc. # 92] ("Reply").

## I.   BACKGROUND

The facts and legal issues in this case have been set forth extensively in this Court's previous opinions. In summary, at certain times, Allison was a director of CSMG. Disputes about Allison's activities arose and the parties brought multiple claims and counterclaims against each other. Allison's claim for breach of the 2003 Promissory Note[3] is the only counterclaim of the six he asserted upon which he prevailed and, significantly, the only claim that entitles him to collect fees. Allison also defeated numerous claims asserted by CSMG.[4]

The Note itself provides for Allison's collection of attorneys' fees and other expenses:

> Should Allison expend money in collecting the principal and interest [on this Note], whether through legal action or otherwise, CSMG shall be liable to Allison for all such sums and agrees to pay them to Allison in addition to the principal and accrued interest.

Allison sought attorneys' fees and expenses in his pleadings, relying on both the Note and Section 38.001 of the Texas Civil Practice and Remedies Code ("TCPRC § 38.001").[5] However, Allison did not brief or request relief encompassing attorneys'

---

[3]   Promissory Note dated Nov. 5, 2003 (Exhibit A to Motion) ("Note").

[4]   Allison has not argued that he is entitled to collect fees based on any claim or defense other than his claim for breach of the Note, and state law associated with that claim.

[5]   Defendant Gordon Allison's Answer and Counterclaim [Doc. # 25] (filed Oct. 2, 2007), at 19, ¶ 86; Defendant Gordon Allison's Answer and Counterclaim [Doc. # 36]
(continued...)

fees and expenses when the Note and other claims were argued on summary judgment, even after summary judgment was granted in favor of Allison on the Note on September 30, 2008.[6] Consequently, neither the summary judgment opinions, nor the Final Judgment on February 27, 2009, mentioned the attorneys' fees issue.

Allison belatedly filed the instant motion for fees on May 8, 2009,[7] more than two months after entry of Final Judgment, more than seven months after he succeeded on his claim for breach of the Note, and more than a month after the judgment became final and non-appealable.[8]

---

[5]   (...continued)
(filed Dec. 26, 2007), at 21, ¶ 93; Defendant Gordon W. Allison's Amended Counterclaim [Doc. # 61] (filed June 6, 2008), at 19, ¶ 65. TCPRC § 38.001 provides, "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).

[6]   Allison asserted his counterclaim for recovery on the Note on October 2, 2007. Summary judgment on the Note in Allison's favor was granted on September 30, 2008. Memorandum and Order [Doc. # 69] (entered Sept. 30, 2008). The Court stated that Allison was not to collect on the judgment until other claims were fully litigated. *Id*. at 26. Thereafter, the parties litigated the remainder of their claims and counterclaims, all of which were independent of the Note and were dismissed with prejudice by summary judgment on February 27, 2009. Memorandum and Order [Doc. # 88] (entered Feb. 27, 2009). At that point, the Court ordered CSMG to pay the outstanding balance on the Note. *Id*. at 34. The Court entered Final Judgment and ordered each side to bear its own costs. Final Judgment [Doc. # 89] (entered Feb. 27, 2009).

[7]   Allison seeks attorneys' fees incurred in litigating all the claims in this lawsuit, and asserts the fee award should not be limited to his counterclaim for breach of the Note. In particular, he seeks payment for all billings from May 2007 through April 2009.

[8]   FED. R. APP. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order being appealed).

## II.   LEGAL STANDARD

CSMG argues that Allison's fee application is untimely, relying on Rule 54(d) of the Federal Rules of Civil Procedure.  Rule 54(d)(2) provides

> A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.[9]

The rule further states, that "Unless a statute or a court order provides otherwise, the motion must be filed no later than ***14 days*** after the entry of judgment."[10]

Rule 59(e) addresses motions to alter or amend a judgment, and provides that a motion must be filed no later than ten days after entry of judgment.[11]

## III.   ANALYSIS

Allison argues that neither Rule 54(d)(2) nor Rule 59(e) applies, and that "there is no specific deadline for filing an application for attorneys['] fees."[12]  The Court disagrees and holds that federal procedural deadlines apply, whether Allison's claim for attorneys' fees and expenses is deemed a substantive claim to be proven at trial or on summary judgment, or is a request "to be made by motion" under Rule 54(d).

In discussing the Supreme Court's 1993 amendments to Rule 54(d)(2), the

---

[9]   FED. R. CIV. P. 54(d)(2)(A).

[10]   FED. R. CIV. P. 54(d)(2)(B)(i) (emphasis added).

[11]   FED. R. CIV. P. 59(e).

[12]   Reply, at 4.

Fourth Circuit explained the alternatives in *Carolina Power and Light Co. v. Dynegy Marketing and Trade*:

> The amendment to Rule 54 provides that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages* to be proved at trial." The rule thus creates a division in the handling of attorneys fees claims between claims that are not part of the underlying substantive claim, which must be made by motion, and claims that are an element of damages, which presumably must be made by complaint.[13]

Allison's fee application is untimely under either scenario.

### A.   Analysis of Application Insofar as Grounded on Contract (the Note)

Allison first seeks fees and expenses under the Note, as "monies" expended "in collecting the principal and interest" on the Note.[14] As such, he seeks these "monies" as an element of damages. Allison relies on "prevailing party" cases in arguing his entitlement to fees. Those authorities are inapposite. In a standard "prevailing party" provision, a court first must decide who prevails on the pertinent aspects of the suit and then must decide as a collateral matter whether the prevailing party is entitled to

---

[13]   *Carolina Power and Light Co. v. Dynegy Marketing and Trade*, 415 F.3d 354, 359 (4th Cir. 2005) (quoting FED. R. CIV. P. 54(d)(2) (emphasis added by *Carolina Power*).

[14]   The Note provides, "Should Allison expend money in collecting the principal and interest [on this Note], whether through legal action or otherwise, CSMG shall be liable to Allison for all such sums and agrees to pay them to Allison in addition to the principal and accrued interest."

fees.[15]  Under the Note, recovery was not available to whichever party prevailed, but only to Allison, if Allison incurred fees and expenses in the course of his collection of monies due under the Note.  Further, Allison was permitted to recover all sums expended in collecting on the Note, "whether through legal action or otherwise."  In fact, the Note's language would permit Allison to seek his collection expenses even in the event that no lawsuit was filed.  In construing a similar provision, the Fourth Circuit in *Carolina Power* stated,

> [W]e hold that a claim for legal costs based on a contractual provision ***that is not limited to expenses incurred during the underlying litigation*** is an element of damages to be proved at trial under the substantive law governing the action.[16]

As in *Carolina Power*, Allison's contractual claim for fees and costs was a substantive claim that Allison was required to prove at trial or, in the absence of trial, before entry of the judgment.  By contrast, a right to attorneys' fees under a "prevailing party"

---

[15]   *See White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445 (1982) (discussing attorneys' fees awarded to a prevailing party under 42 U.S.C. § 1988); *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000) (discussing contractual provision for prevailing party fees)*; Engel v. Teleprompter Corp.*, 732 F.2d 1238 (5th Cir. 1984) (construing contractual provision for prevailing party fees); *Oreck Direct, LLC v. Dyson*, 2009 WL 961276 (E.D. La. Apr. 7, 2009) (Vance, J.) (constructing contractual provision for prevailing party fees and distinguishing *Carolina Power*).

[16]   *Carolina Power*, 415 F.3d at 356 (emphasis added).  The contract at issue in *Carolina Power* contained a "legal costs" provision which entitled the non-breaching party to recover "'reasonable out-of-pocket expenses incurred by it including legal fees, by reason of the enforcement and protection of its rights under [the contract]'."  *Id.* (quoting parties' contract) (alteration in original).  The Fifth Circuit has not directly addressed the issue presented.

clause is collateral to a substantive claim and does not accrue until the litigation actually is brought and the winner is determined.[17]  The Court accordingly concludes that Allison's claim for fees under the Note was an element of damages to be sought and proven before judgment.

Allison failed to prove the fee and expenses aspect of his damages before the Court granted summary judgment on the Note on September 30, 2008.  He had the right to seek this recovery after summary judgment was granted, but failed to raise the subject of attorneys' fees or expenses prior to the Court's entry of final judgment in this entire case on February 27, 2009.  The Court believed at that time that all claims were fully and finally resolved.  If Allison disagreed, he had ten days under Rule 59(e) to raise the point.[18]  He did not do so; rather, he waited over two months to file an application.  Allison's claim for fees and expenses based on the Note is untimely under the plain terms of Rule 59(e).  The ten-day deadline may not be altered by the Court.[19]

---

[17]   *See id.* at 359.

[18]   FED. R. CIV. P. 59(e).  *See Engel*, 732 F.2d at 1240 (when district court issued final judgment with no mention of fees, the prevailing party sought to amend the court's judgment to include an award of fees).

[19]   FED. R. CIV. P. 6(b)(2).  *See Swearington v. Police Dep't of Jackson*, 229 F.3d 1148 (5th Cir. 2000) (district court had no authority to extend the ten-day filing period for a Rule 59(e) motion (citing FED. R. CIV. P. 6(b); *Fairley v. Jones*, 824 F.2d 440, 442 (5th Cir. 1987))).

## B.     Fees Sought Collaterally by Motion.

To the extent that Allison seeks his fees and expenses under TCPRC § 38.001,[20] his fee application is a collateral matter and is governed by Rule 54(d). Rule 54(d)(2)(B)(i) requires a collateral motion for attorneys' fees to be filed no later than fourteen days after entry of judgment. "Unless [the Rule 54 deadline is] modified by statute or court order, a party's failure to file a timely motion for attorneys' fees under Rule 54(d)(2) serves as a waiver of the request."[21] Allison did not seek TCPRC § 38.001 fees or expenses within the rule's fourteen day period and sought no extensions. Therefore, Allison's application under TCPRC § 38.001 is untimely.

Allison argues that Rule 54(d)(2)'s fourteen-day deadline does not apply to

---

[20]   TCPRC § 38.001 provides, "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). There is no dispute that Texas law provides that fees are "mandatory" for a prevailing plaintiff on a contract claim. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) ("Under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is ***mandatory*** under [TCPRC § 38.001(8)]") (emphasis added). Generally, "when a claim [under TCPRC § 38.001] is successful, and reasonable fees are proven, a trial court has no discretion to deny the fees." *Id*. Nevertheless, a party in federal court must seek relief in accordance with federal procedural rules. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[21]   *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998) (citation omitted), *clarified on denial of rehearing*, 169 F.3d 223 (5th Cir. 1999). S*ee United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) ("It is undisputed that United did not file a motion for attorneys' fees within fourteen days of entry of judgment as required by Rule 54(d). This failure to file within the allotted period serves as a waiver of its claim for attorneys' fees.").

cases in which the substantive law governing the action, such as a contractual provision, provides for recovery of fees.[22] This argument is circular. If the fees and expenses claim arises under the Note, then the recovery is governed by Rule 59(e) and, as discussed in the previous section, a ten-day post-judgment time limit applies.

In sum, either Allison's claim for fees and expenses is part of his substantive claim on the Note, in which case he was required to raise the matter either before final judgment or on a motion pursuant to Rule 59(e), or the fees and expenses request flows from TCPRC § 38.001 and had to be brought by timely motion under Rule 54(d)(2).

### IV.  CONCLUSION

Whether sought as substantive damages under the Note or as collateral relief under TCPRC § 38.001, Allison's fee application is untimely. Therefore it is hereby

**ORDERED** that Allison's Motion and Supporting Memorandum for Attorneys Fees and Costs [Doc. # 90] is **DENIED**.

SIGNED at Houston, Texas, this **24th** day of **July, 2009**.

Nancy F. Atlas
United States District Judge

---

[22] Reply, at 3-4.